972 F.2d 1347
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Chance Lorane WILLIS, Defendant-Appellant.
 No. 91-50602.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 20, 1992.*
Decided Aug. 26, 1992.
 
 1
 Before TANG, and CYNTHIA HOLCOMB HALL, Circuit Judges, and SHUBB,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Chance Willis, an African American, was arrested during Operation Streetsweep, a national law enforcement crackdown targeting gang members. Willis appeals his conviction, following a conditional guilty plea, for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Willis argues that the district court improperly denied his motion for discovery on the issue of racially selective prosecution. We affirm.
 
 DISCUSSION
 
 4
 We review the district court's denial of discovery on a selective prosecution claim for an abuse of discretion. United States v. Bourgeois, 964 F.2d 935, 937 (9th Cir.1992).
 
 
 5
 In order to obtain discovery, Willis needed to introduce "specific facts, not mere allegations, which establish[ed] a colorable basis for the existence of both discriminatory application of a law and discriminatory intent on the part of government actors." Id. at 939.
 
 
 6
 The district court did not abuse its discretion in denying discovery because Willis fails both prongs of the Bourgeois test. Willis's evidence that 18 U.S.C. § 922(g) has been discriminatorily applied focuses only on the two-day period during which Operation Streetsweep arrests were made. In order to present a colorable claim of discriminatory enforcement, however, defendants must show that prosecutions have been racially skewed "over a reasonable period of time." Id. at 940. Looking, as Willis would have us do, at only the two days during which Operation Streetsweep occurred would leave this court with an artificially truncated view of prosecutorial decisionmaking. Indeed, Bourgeois specifically rejected a defendant's effort to predicate selective prosecution discovery on such a narrow time frame. Id. at 940-41. Because Willis makes no argument that federal prosecutions under 18 U.S.C. § 922(g) have exclusively or excessively targeted African Americans over a period of months or years, he has failed to establish that section 922(g) has been discriminatorily applied.
 
 
 7
 With respect to Burgeois 's second prong, the record is devoid of facts substantiating Willis's claim that the government acted with an impermissible motive in prosecuting him. Like Bourgeois, Willis relies on allegations and inferences from Operation Streetsweep statistics, rather than hard evidence of prosecutorial intent. See id. at 941. Surmise is an insufficient basis from which to obtain discovery of information pertaining to prosecutorial decisionmaking. See id.
 
 
 8
 In sum, Willis's arguments parrot those raised and rejected by this court in Bourgeois. Consequently, Willis's conviction is
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable William B. Shubb, United States District Judge for the Eastern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3